UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Lucifer Davenport, *on behalf of himself and
others similarly situated in  the proposed FLSA
Collective Action,*

                                                    *Plaintiff,*

                        - against -

Sollis Health, P.C., Sollis Health LA, P.C., A
Medical Corporation, Priority Private Medical
Care, P.C., and Prestige Employee Administrators
LLC,

                                                    *Defendants.*
------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**<u>COMPLAINT</u>**

        Plaintiff Lucifer Davenport ("Plaintiff" or "Davenport"), on behalf of himself and others

similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to himself and upon information and belief as to others, brings this complaint

against Defendants Sollis Health, P.C., Sollis Health LA, P.C., A Medical Corporation, Priority

Private Medical Care, P.C., and Prestige Employee Administrators LLC (collectively, the

Defendants"), and states as follows:

**NATURE OF THE ACTION**

        1.        Defendants own, operate, and control a "24/7" "members-only concierge medical

service" known as "Sollis Health".[1]

        2.        Defendants pride themselves on offering their patients unlimited access to medical

providers on an immediate basis: 24-hours a day, 7 days a week, 365 days a year. [2]

---

[1] *See* https://sollishealth.com/concierge-medicine/ (last accessed June 29, 2022) ("Our flagship centers are open
24/7, offering a private and seamless alternative to the ER. At Sollis, the doctor waits for you.").
[2] *See* https://sollishealth.com/faq/ (last accessed June 29, 2022) ("At one of our centers, there's never a wait. Even at
10:00pm on Christmas Eve…Unlike urgent care clinics, Sollis' facilities feature 24/7 on-site advanced diagnostic
imaging as well as concierge services including care navigation and patient advocacy. In addition, care doesn't just

3.      To accomplish their business goals, Defendants misclassify their x-ray technicians and staff members, including Davenport, as salaried employees, and fail to pay their x-ray technicians and staff members, including Davenport, legally required wages under the FLSA and NYLL, including overtime.

4.      Plaintiff worked as a non-exempt x-ray technician for Defendants from October 2016 through and including February 2022. Throughout his employment Defendants misclassified Davenport as a salaried employee, and failed to pay him legally required overtime wages, even though Davenport regularly worked over forty hours per workweek.

5.      Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

6.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

8.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all

_____

stop after a visit to one of our centers. We remain available to you via around-the-clock telemedicine and offer house calls when you are unable to leave your home.")

events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF LUCIFER DAVENPORT**

10.     Plaintiff was employed as an x-ray technician at Defendants' members-only concierge medical service known as "Sollis Health", located at 170 East 77th Street, New York, NY 10075 from on or around October 2016 through and including February 2022.

11.     Plaintiff was employed as a non-managerial employee for Defendants from on or around October 2016 through and including February 2022.

12.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT SOLLIS HEALTH, P.C.**

13.     Upon information and belief, Defendant Sollis Health, P.C. is a domestic corporation organized and existing under the laws of the State of New York.

14.     Upon information and belief, Defendant Sollis Health, P.C. is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 170 East 77th Street, New York, NY 10075.

15.     At all times relevant to this Complaint, Defendant Sollis Health, P.C. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

16.     At all times relevant to this Complaint, Defendant Sollis Health, P.C. was and is a

covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

17.     At all times relevant to this Complaint, Defendant Sollis Health, P.C. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT SOLLIS HEALTH LA, P.C., A MEDICAL CORPORATION**

18.      Upon information and belief, Defendant Sollis Health LA, P.C., A Medical Corporation is a foreign corporation organized and existing under the laws of the State of California.

19.     Upon information and belief, at all relevant times here to Defendant Sollis Health LA, P.C., A Medical Corporation maintained a principal place of business at 153 ½ North Hamilton Drive, Beverly Hills, CA 90211, and an alternate address at 170 East 77th Street, New York, NY 10075.

20.     At all times relevant to this Complaint, Defendant Sollis Health LA, P.C., A Medical Corporation (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

21.     At all times relevant to this Complaint, Defendant Sollis Health LA, P.C., A Medical Corporation was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

22.     At all times relevant to this Complaint, Defendant Sollis Health LA, P.C., A Medical Corporation was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and

NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT PRIORITY PRIVATE MEDICAL CARE, P.C.**

23.     Upon information and belief, Defendant Priority Private Medical Care, P.C. is a domestic professional service corporation organized and existing under the laws of the State of New York.

24.     Upon information and belief, Defendant Priority Private Medical Care, P.C. is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 170 East 77th Street, New York, NY 10075.

25.     At all times relevant to this Complaint, Defendant Priority Private Medical Care, P.C. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

26.     At all times relevant to this Complaint, Defendant Priority Private Medical Care, P.C. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

27.     At all times relevant to this Complaint, Defendant Priority Private Medical Care, P.C. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT PRESTIGE EMPLOYEE ADMINISTRATORS LLC**

28.     Upon information and belief, Defendant Prestige Employee Administrators LLC is a domestic limited liability company organized and existing under the laws of the State of New York.

29.    Upon information and belief, Defendant Prestige Employee Administrators LLC is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 170 East 77ᵗʰ Street, New York, NY 10075.

30.    At all times relevant to this Complaint, Defendant Prestige Employee Administrators LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

31.    At all times relevant to this Complaint, Defendant Prestige Employee Administrators LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

32.    At all times relevant to this Complaint, Defendant Prestige Employee Administrators LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

33.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.    Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

35.    Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C.

201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

37.      Upon information and belief, Defendants failed to operate as entities legally separate and apart from themselves, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate as separate and legally distinct entities;

b.     defectively forming or maintaining the corporate entities, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     intermingling assets and debts of their own with the Defendants;

e.     diminishing and/or transferring assets of the Defendants to protect their own interests; and

f.     other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

40.     Defendants own, operate and/or control a members-only concierge medical service, known as "Sollis Health".

41.     Sollis Health "provides access to membership-based medical care and diagnostic

imaging…on a 24/7 basis."[3]

42.     Sollis Health also "provides certain non-medical related services and access", including: (i) medical facility access; (ii) rapid access to diagnostic imaging; (iii) doctor consultations; (iv) use of any location (in the future); (v) extensive network of specialists; and (iv) remote consultations if away from home." [4]

43.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, misclassified salaried positions, during the statutory period.

44.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

45.     Plaintiff was an employee of Defendants.

46.     Plaintiff was employed as an x-ray technician at Sollis Health from on or around October 2016 through and including February 2022.

47.     Plaintiff's work duties required neither discretion nor independent judgment.

48.     From on or around October 2016 through and including August 2019, Davenport regularly worked four (4) shifts per week: either 7:00 a.m. to 7:00 p.m., or 7:00 p.m. to  7:00 a.m. (*i.e.,* 12 hours per shift), for a total period of approximately 48 hours during each of the weeks, respectively.

49.     From on or around September 2019 through and including September 2021, Davenport regularly worked eight (8) shifts per week: either 7:00 a.m. to 7:00 p.m., or 7:00 p.m. to 7:00 a.m. (*i.e.,* 12 hours per shift), for a total period of approximately 96 hours during each of the weeks, respectively.

50.     From on or around October 2021 through and including February 2022, Davenport

---

[3] *See* https://sollishealth.com/legal/ (last accessed June 29, 2022).
[4] *Id*.

regularly worked five (5) to six (6) shifts per week: either 7:00 a.m. to 7:00 p.m., or 7:00 p.m. to

7:00 a.m. (*i.e.,* 12 hours per shift), for a total period of approximately 60 to 72 hours during each

of the weeks, respectively.

51.     From approximately October 2016 through and including September 2017,

Defendants paid Plaintiff $32 per hour, regardless of how many hours he worked per week.

52.      From approximately October 2017 through and including February 2018,

Defendants paid Plaintiff a fixed annual salary of $61,500 per year.

53.     From approximately March 2018 through and including December 2019,

Defendants paid Plaintiff a fixed annual salary of $82,400 per year.

54.     From approximately January 2019 through and including August 2019,

Defendants paid Plaintiff a fixed annual salary of $84,900 per year.

55.     From approximately September 2019 through and including October 2019,

Defendants paid Plaintiff a fixed annual salary of $63,504 per year.

56.     From approximately November 2019 through and including December 2019,

Defendants paid Plaintiff a fixed annual salary of $68,796 per year.

57.     From approximately January 2020 through and including October 2020,

Defendants paid Plaintiff a fixed annual salary of $75,036 per year.

58.     From approximately November 2020 through and including December 2020,

Defendants paid Plaintiff a fixed annual salary of $100,048 per year.

59.     From approximately January 2021 through and including March 2021, Defendants

paid Plaintiff a fixed annual salary of $102,752 per year.

60.     For the month of April 2021, Defendants paid Plaintiff $38 per hour.

61.     From approximately May 2021 through and including February 2022, Defendants

paid Plaintiff $45 per hour.

62.    At all relevant times herein, while Plaintiff was being paid on a fixed annual salary basis, Plaintiff was paid his wages bi-weekly.

63.    From approximately October 2016 through and including March 2021, Plaintiff's wages did not vary regardless of how many additional hours he worked in a week.

64.    From approximately October 2016 through and including March 2021, Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

65.    At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

66.    Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

67.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

68.    Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

69.    Defendants did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

70.    At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to x-ray technicians, and general workers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

72.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

73.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

74.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

75.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

11

77.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

78.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

79.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

80.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
## (NYLL – Unpaid Overtime Wages)

81.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82.     Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

83.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

84.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

85.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

86.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

89.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

90.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

91.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

93.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

94.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

95.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

96.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

97.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SIXTH CLAIM
### (Failure to Pay Timely Wages)

98.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

99.    NYLL § 191(1)(a) prohibits employers from paying employees at no less than on a weekly basis.

100.    As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

101.    As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.     awarding Plaintiff unpaid overtime wages;

h.     awarding Plaintiff unpaid spread-of-hours pay;

i.     awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j.     awarding unpaid wages under the NYLL and the New York State contract law;

k.     awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.     awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.     Such other relief as this Court deems just and proper.

Dated: New York, New York
      July 5, 2022                Respectfully submitted,

                                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                By: /s/ Joshua Levin-Epstein_____
                                    Joshua Levin-Epstein
                                    Jason Mizrahi
                                    60 East 42nd Street, Suite 4700
                                    New York, New York 10165
                                    Tel: (212) 792-0046
                                    Email: Joshua@levinepstein.com
                                    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*